### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KEVIN OWEN BURRESS,
BOP Reg. No. 67918509,
     Plaintiff,

v.

GEO GROUP, INC., et al.,
     Defendants.

*BIVENS* ACTION
28 U.S.C. § 1331

CIVIL ACTION NO.
1:22-cv-4897-SDG-JKL

### ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Kevin Owen Burress, a federal inmate at the Robert A. Deyton Detention Facility in Lovejoy, Georgia, has filed a *pro se* civil rights complaint. (Doc. 1.) The matter is before the Court for initial screening of the complaint.

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

"A plaintiff . . . must plead facts sufficient to show that [his/her] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (*per curiam*). In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on initial review. 28 U.S.C. § 1915A.

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

2

In the complaint, Plaintiff names as Defendants (1) The Geo Group, Inc., (2) Attorney General Merrick Garland, and (3) the U.S. Marshals Service.  (Doc. 1 at 3.)  Plaintiff indicates that this action is brought under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (*Id.*)  Plaintiff suffers from gender dysphoria and alleges that the Robert A. Deyton Detention Facility ("RADDF") has violated Plaintiff's constitutional rights and Title II of the Americans with Disabilities Act ("ADA") by refusing to treat Plaintiff's gender dysphoria with hormone replacement therapy ("HRT").  (*Id.* at 4.)  Plaintiff contends that RADDF adheres to a "freeze frame policy" whereby initial HRT treatment will not be started at RADDF.  (*Id.* at 5.) Plaintiff has filed numerous grievances and engaged in self harm due to RADDF's refusal to treat Plaintiff's gender dysphoria with HRT.  (*Id.*)

As an initial matter, Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced. Section 1983 provides a federal damages remedy for constitutional violations by individual state officials.  *See* 42 U.S.C. § 1983.  Plaintiff has not alleged that any defendant acted under color of state law.  *Cf. Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).  Rather, the substance of Plaintiff's allegations indicates that Defendants acted under color of federal law.  (Doc. 1 at 3-5.)

3

Plaintiff's claims alleging constitutional violations by persons acting under color of federal law are more properly brought under 28 U.S.C. § 1331 and *Bivens*. *See Bivens*, 403 U.S. at 389-90 (recognizing an implied right of action against federal officials alleged to have violated a citizen's Fourth Amendment right to be free from unreasonable searches and seizures); *see also Carlson v. Green*, 446 U.S. 14 (1980) (extending *Bivens* to Eighth Amendment violations caused by federal prison officials' failure to provide adequate medical treatment).   However, plaintiff's allegations do not support a viable *Bivens* claim either.   A *Bivens* claim may be brought only against individual federal officials, not the federal government, federal agencies, or private corporations.   *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-72 (2001).   Plaintiff has not identified any individual federal officer who allegedly violated Plaintiff's constitutional rights.

The GEO Group is a private prison corporation and neither the corporation nor its employees are considered federal officers within the meaning of *Bivens*.  *See Malesko*, 534 U.S. 61, 63, 66 (holding that *Bivens* does not "confer a right of action for damages against private entities acting under color of federal law").   Consequently, Plaintiff's constitutional tort claims against the GEO Group and its employees are foreclosed by *Malesko*, and plaintiff must instead pursue available

4

tort remedies in state court. *See Minneci v. Pollard*, 556 U.S. 118, 131 (2012) ("[W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law."); *Alba v. Montford*, 517 F.3d 1249, 1254-56 (11th Cir. 2008) ("Georgia's tort laws are not 'inconsistent or even hostile' to the rights protected by the Eighth Amendment.") (*quoting Bivens*, 403 U.S. at 394).

Additionally, with respect to Attorney General Merrick Garland, supervisory officials such as the U.S. Attorney General cannot be held liable under *Bivens* on a *respondeat superior* or vicarious liability theory. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (stating that it is "well-established in this [C]ircuit that supervisory officials are not liable under *Bivens* for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability) (quotation and alteration omitted). Plaintiff has not alleged, let alone plausibly alleged, that Attorney General Garland personally participated in any decision to deny Plaintiff treatment for gender dysphoria. (*See generally* Doc. 1.) Indeed, plaintiff contends that the refusal to provide HRT is pursuant to RADDF policy,

while BOP policy permits HRT.  (*Id.* at 5.)  Consequently, Plaintiff fails to state a claim against Attorney General Garland.  *See id.*

Further, the U.S. Marshals Service is a federal agency not subject to suit in a *Bivens* action.  *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (explaining that the proper defendants in a *Bivens* action are the individual federal officers who allegedly violated the plaintiff's constitutional rights, not the agency which employs the officers); *Nalls v. Coleman Low Federal Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) ("*Bivens* does not extend to allow causes of action against federal agencies."); *Garcia-Godoy v. Doe*, No. CV13-0603-PHX-DGC (JFM), 2013 WL 5519511, at *3 (D. Ariz. Oct. 3, 2013) ("[A] *Bivens* claim may only be maintained against officials acting under color of federal law in their individual capacities; neither the United States, nor an agency . . ., is a proper defendant for *Bivens* claims.").  Consequently, Plaintiff fails to state a claim under *Bivens*.

Finally, Plaintiff's claims under Title II of the ADA are unavailing because private prison companies are not "public entities" subject to Title II.  *See Lee v. Corr. Corp. of Am.*, 61 F.Supp.3d 139, 143 (D.D.C.2014) (holding that defendant private prison company was not covered by Title II of the ADA); *see also Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) ("A private contractor does

not . . . become liable under Title II merely by contracting with the State to provide governmental services, essential or otherwise.") (*citing Green v. City of New York*, 465 F.3d 65, 79 (2d Cir. 2006)).  Indeed, this Court has previously determined that Geo Group and RADDF are not subject to Title II of the ADA.  *See Goodman v. The Robert A. Deyton Det. Facility*, No. 1:15-cv-1724-TWT, 2015 WL 5480046, at *4 (N.D. Ga. Sept. 15, 2015).

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** under § 1915A for failure to state a claim and as frivolous.

Plaintiff is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 22nd day of March, 2023.

_____
JOHN K. LARKINS III
United States Magistrate Judge