IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN OWEN BURRESS,<br>Plaintiff,<br><br>v.<br><br>GEO GROUP, INC., *et al.*,<br>Defendants. | Civil Action No.<br>1:22-cv-04897-SDG |

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge John K. Larkins, III's Final Report and Recommendation (the R&R), recommending that this matter be dismissed [ECF 2]. Plaintiff Kevin Owen Burress has filed objections to the R&R [ECF 5], a motion for reconsideration [ECF 4], a motion to issue summons [ECF 6], two motions for leave to file an amended complaint [ECFs 7, 11], a motion to appoint a guardian ad litem [ECF 8], two motions to stay [ECFs 9, 10]; and a letter, which the Court received on June 27, 2023 [ECF 12]. After careful consideration of the record and Plaintiff's objections, the Court **OVERRULES** the objections, **ADOPTS** the R&R for the reasons discussed herein, and **DENIES** Plaintiff's motions.

I.   **Background**

Plaintiff, an inmate at the Robert A. Deyton Detention Facility (Deyton) in Lovejoy, Georgia, filed this civil rights action under 42 U.S.C. § 1983, 28 U.S.C.

§ 1331/*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and Title II of the Americans with Disabilities Act (ADA).[1] The complaint alleges that Defendants have violated Plaintiff's constitutional and ADA rights by refusing to provide hormone replacement therapy to treat Plaintiff's gender dysphoria.[2]

The R&R determined that Plaintiff failed to state a claim under Section 1983 because Deyton houses federal detainees and prisoners, and Plaintiff did not allege any action taken under color of state law.[3] The R&R further reasoned that Plaintiff's *Bivens* claims failed because (1) the Deyton facility is a privately run detention center owned by Defendant The GEO Group, Inc. (GEO), and private entities and their employees are not federal officers subject to liability under *Bivens*, (2) Defendant Merrick Garland, the United States Attorney General, had no direct involvement in whether Plaintiff received hormone therapy, and he cannot be held liable as a supervisor under *Bivens*, and (3) the sole remaining Defendant, the United States Marshals Service (USMS), is a federal agency not

---

[1] *See generally* ECF 1.

[2] *Id.* at 4–5.

[3] ECF 2, at 3–4.

subject to suit under *Bivens*.[4] Finally, the R&R concluded that Plaintiff's claims under Title II of the ADA fail because private prison companies are not "public entities" subject to suit under Title II. [5]

## II.     Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate

---

[4]     *Id.* at 4–5.

[5]     *Id.* at 6–7.

judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III.   Discussion

#### A.   Plaintiff's Claim Under Title II of the ADA

In the objections (as well as the motion for reconsideration[6]), Plaintiff did not object to the R&R's finding that Plaintiff may not bring claims under Title II of the ADA against GEO. Because the R&R did not clearly err in that determination, the Court adopts the R&R's finding on that point.

#### B.   Plaintiff's *Bivens* Claim

Plaintiff contends that Deyton officials' failure to provide hormone therapy for Plaintiff's gender dysphoria violated the Eighth Amendment.[7] Plaintiff further

---

[6] Plaintiff's motion for reconsideration, in which Plaintiff challenges the conclusions in the R&R, is improper because the R&R is not a final order subject to reconsideration or immediate appeal. *Perez-Priego v. Alachua Cnty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998). Nonetheless this Court has reviewed the motion (as well as the motions to amend the complaint and the proposed amended complaint attached to the second motion) to see if it raises a valid objection or cures the deficiencies identified by the R&R.

[7] *See generally* ECF 5.

asserts an entitlement to proceed against GEO under *Bivens* because Plaintiff contends that GEO cannot be sued under state law, and there is no other possible remedy against GEO for Plaintiff's alleged injury.

Other than Plaintiff's conclusory statement otherwise, Plaintiff has not shown an inability to bring claims against Defendants in state court, *see Minneci v. Pollard*, 565 U.S. 118, 127 (2012) (holding that there is no *Bivens* remedy against employees of private prisons and discussing the fact that the court hesitates to recognize a new *Bivens* remedy when alternative, effective state tort remedies exist). Given the Supreme Court's strong reticence of late to recognize new *Bivens* claims, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017); *Egbert v. Boule*, 142 S. Ct. 1793, 1808 (2022), and the fact that the Supreme Court has already rejected implying a *Bivens* remedy against the employees of a private prison, *Minneci*, 565 U.S. at 125, this Court declines to recognize a *Bivens* remedy against GEO or its employees.

While it is possible that Plaintiff could raise viable state law tort claims against GEO and GEO employees, Plaintiff has not established this Court's

diversity jurisdiction.[8] In any event, this matter cannot proceed without a viable complaint against properly named defendants.

### C. Amending the Complaint

Plaintiff expresses the need for time to find counsel and to file an amended complaint.[9] In the motions to amend the complaint, Plaintiff asserts (1) the intention to name individual USMS agents as Defendants under *Bivens*; and (2) the intention to bring state law tort claims against GEO and individual GEO employees.[10] Plaintiff indicates the need for additional time to determine the USMS and GEO officials' names and to find a physician to prepare an affidavit to comply with Georgia state law in raising a medical malpractice claim. While Plaintiff's second motion to amend the complaint attached a proposed amended complaint, Plaintiff has not filed a motion for an extension of time or explained how much time is required to accomplish these tasks.[11]

---

[8] In the motion for reconsideration Plaintiff claims to be a resident of a state other than Georgia. ECF 4, at 3. However, Plaintiff has not otherwise established the requirements of the diversity statute, 28 U.S.C. § 1332.

[9] This sentiment is repeated in the motion to appoint a guardian ad litem and the motions to stay. ECFs 8–10.

[10] *See generally* ECFs 7, 11.

[11] *See* ECF 11-1.

Though Plaintiff is correct that leave to file an amended complaint should be given freely "when justice so requires."[12] Fed. R. Civ. P. 15(a)(2), "leave to amend is by no means automatic," *Interstate Nat'l Dealer Servs., Inc. v. U.S. Auto Warranty, LLC*, 2015 WL 13273318, at *8 (N.D. Ga. Dec. 11, 2015). It should not be given where there is substantial ground for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Of Plaintiff's two motions for leave to amend the complaint, only the latter includes a proposed amended complaint.[13] The proposed pleading is futile because it alleges "a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates." *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (affirming the district court's dismissal of the complaint).

---

12   ECF 11, at 2.

13   *See generally* ECF 11.

For this case to be viable, Plaintiff may not combine unrelated claims in one action. *See* Fed. R. Civ. P. 20. The leniency the Court must apply to *pro se* filings does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). And it would be procedurally improper to consider the proposed amended complaint at this late stage in any event. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A]llowing new arguments and evidence to be presented after the issuance of an R&R would frustrate the purpose of the magistrate-judge system."). The better course is to dismiss Plaintiff's claims without prejudice, and when Plaintiff has determined what claims to raise and identified individuals potentially subject to liability on those claims, Plaintiff may initiate a new lawsuit. Accordingly, Plaintiff's remaining motions, including the letter received by the Court on June 27, 2023 containing a request for appointed counsel, are denied as moot.

**IV.    Conclusion**

The Court **OVERRULES** Plaintiff's objections [ECF 5] and **ADOPTS** the R&R [ECF 2] as the order of the Court. The motions for leave to amend the complaint [ECFs 7, 11] are **DENIED**, and the case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Plaintiff's remaining motions [ECFs 4, 6, 8–10, 12] are **DENIED as moot**, and the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 22nd day of August, 2023.

Steven D. Grimberg
United States District Court Judge